Mathews, J.

delivered the opinion of the court. This is an action of trespass, instituted 
*215
by the plaintiff to try the title to a tract of land claimed by both parties, and of which each states himself to be in possession, under a legal title.

West. District.
Sept. 1817.
The defendant further pleads the general issue, and res judicata, averring, that "all matters and things alledged against him have been finally and fully decided in the superior court of the late territory of Orleans.”
There was judgment for the defendant-and the plaintiff appealed.
The correctness or error of the judgment of the district court depends on the pleadings and decision, in the case pleaded. On examining the judgment, it appears grounded on a petition of the heirs of the late R. Trahan and Firmin Breaux, admitted to be the ancestor of the plaintiff, in which théy pray to have a decree of a Spanish tribunal, rendered whilst this country was under the dominion of Spain, executed. By the judgment of the superior court, we are referred to the Spanish decree, and consequently to the proceedings on which it is grounded. They exhibit such a confused mass, that it is almost impossible to discover what was the point in contest between the original parties. Confining ourselves to what is contained in the Spanish decree, and the judgment of the superior court, so far as they go to fix the limits of the *216 land in dispute, nothing seems to have been expressly decided, except that the island of Co-palm is the upper limit of forty arpens in front on the bayou Vermillion, granted to Rene Trahan, on the western side of said bayou, and a place, called the Coulee des Porches, its lower limit on the eastern side. Some grants are declared to be null and void, which have no relation to the dispute between the present parties. The judgment of the superior court then concludes. with an order to the sheriff to put the complainants in possession of their respective tracts, in conformity with a survey and establishment of limits, as decreed by the Spanish tribunal.
Now, the limits so established, from any thing that we have been able to find in the record, do not appear to have been clearly and definitively ascertained, except as to Trahan’s land. It is possible that the adjoining tracts may, on investigation, be found to be governed, in their limits, by those fixed for Trahan’s. But this, in our opinion, does not sufficiently appear, in the proceedings of the former suit, to preclude the plaintiff from an examination of his case on the merits.
It is, therefore, ordered, adjudged and de *217 creed, that the judgment of the district court be annulled, avoided and reversed, and that the case be remanded for trial on the merits.
Baldwin for the plaintiff, Porter for the defendant.